940 F.2d 614
 14 Employee Benefits Ca 1370
 Vicki Jo SIMMONS, Cynthia Simmons, By and Through her mother
and best friend, Vicki Jo Simmons,
Plaintiffs-Appellees, Cross-Appellants,
v.
SOUTHERN BELL TELEPHONE
AND TELEGRAPH COMPANY,
Defendant-Appellant, Cross-Appellee.
 No. 90-3192.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 30, 1991.
 
 Gregory D. Artis, Keith W. Kochler, Atlanta, Ga., Christopher K. Kay, Swann & Haddock, P.A., Orlando, Fla., for Southern Bell Tel. & Tel. Co.
 Tobe Lev, Egan, Lev & Siwica, David R. Baker, Orlando, Fla., for Vicki Jo Simmons.
 Appeals from the United States District Court for the Middle District of Florida.
 Before JOHNSON and COX, Circuit Judges, and GODBOLD, Senior Circuit Judge.
 GODBOLD, Senior Circuit Judge:
 
 
 1
 In this ERISA[1] case Vicki Jo Simmons contends that Southern Bell Telephone and Telegraph Co., the employer of her late husband, Charles Simmons, is liable to her for damages caused by its failure to carry out Charles' intention to name her as the beneficiary of his company-provided life insurance policy. The district court ruled that Southern Bell breached its fiduciary duty to Vicki and awarded her damages. We vacate the judgment for Vicki and remand for further proceedings.
 
 I. BACKGROUND
 
 2
 Both Charles and Vicki worked for Southern Bell and were enrolled in its life insurance plan. Charles joined the plan in May 1970, before he met Vicki and only three months after he obtained his divorce from Gail Miller. On enrollment he named Miller as the beneficiary of his life insurance policy. Charles and Vicki were married in August 1970. In January 1971 they received in the mail a certificate of insurance that listed Miller as the beneficiary of Charles' life insurance policy. Vicki testified at trial that she and Charles agreed that he should name her as the beneficiary of his policy, and Charles took the certificate of insurance to work with him the same day that they received it.
 
 
 3
 The enrollment card that Charles filled out when he joined the plan read, in part: "I have designated my beneficiary on the reverse side of this enrollment card. If I desire to change such designation I will complete a change of beneficiary form." He later received a plan description booklet from the company that provided "... you may change your beneficiary at any time by completing the proper form." The booklet also said that supervisors would provide additional information to employees with questions regarding the plan.
 
 
 4
 Charles took the certificate of insurance to his supervisor, Norman Gray. The certificate contained a table entitled "Change of Beneficiary Record." A note on the same page read "Note: Entries Below Are To Be Made Only By The Employer. No Other Entries Will Be Valid." Charles wrote Vicki's name in the space on the Change of Beneficiary Record labeled "New Beneficiary or Beneficiaries," dated the entry in the space marked "Effective Date," and presented the certificate to Gray, who signed his name in the space marked "Entered By." Gray testified that Charles believed that Gray's signing of the certificate of insurance was sufficient to accomplish the change of beneficiaries.
 
 
 5
 Charles died in 1983 while still married to Vicki and a member of the Southern Bell life insurance plan. Because both Vicki and Gail Miller claimed the policy proceeds, Southern Bell's insurance carrier filed an interpleader action in state court, and the state court ordered that the proceeds be paid to Miller. Vicki then brought this action to enforce her rights as a beneficiary of the plan under 29 U.S.C. Sec. 1132(a)(1)(B) (permitting plan participants and beneficiaries to bring civil actions to recover benefits due under the plan).
 
 
 6
 After a bench trial the district court held that Southern Bell, acting through Gray, breached its fiduciary duties to Vicki in violation of 29 U.S.C. Sec. 1104(a)(1)(B) (imposing "prudent man" standard of care on plan fiduciaries). The court found that Gray breached the fiduciary duty because he signed the certificate knowing that Charles believed his signature was sufficient to make Vicki Charles' beneficiary and then took no further action. The court also held that Charles followed the procedure for changing his beneficiary set out in the plan booklet and the certificate of insurance. It awarded Vicki $119,000, an amount equal to the policy proceeds, plus simple prejudgment interest. Southern Bell appeals from the judgment in favor of Vicki, and she cross-appeals, contesting the district court's award of simple rather than compound prejudgment interest.[2]
 
 II. DISCUSSION
 
 7
 Southern Bell contends that the district court erred by awarding Vicki damages under 29 U.S.C. Sec. 1132(a)(1)(B) arising from its breach of the fiduciary duties imposed by 29 U.S.C. Sec. 1104(a)(1)(B). It says that a cause of action for breach of fiduciary duties arises under 29 U.S.C. Sec. 1109(a), rather than Sec. 1132(a)(1)(B), and that under Sec. 1109(a) only the plan, and not individual beneficiaries, may recover damages. The company also asserts that Vicki has no right to any recovery because Charles failed to follow the proper procedures for a change of beneficiaries.
 
 
 8
 Vicki contends in response that we should affirm the district court's judgment in her favor on the basis of our decision in Kane v. Aetna Life Insurance, 893 F.2d 1283 (11th Cir.) (decided after the district court rendered its decision in this case), cert. denied, --- U.S. ----, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990). She says that in Kane this court articulated a federal common law rule of equitable estoppel under which a plan beneficiary may bring an action under ERISA to enforce a plan fiduciary's or administrator's interpretation of ambiguous plan provisions. She asserts that: (1) the plan's change of beneficiary provision was ambiguous, (2) Gray "interpreted" the ambiguous change of beneficiary provision as permitting Charles to change his beneficiary by means of the certificate of insurance when he signed the certificate that Charles presented to him, (3) and the Kane rule estops Southern Bell from renouncing Gray's interpretation.
 
 
 9
 We review a district court's factual findings in a bench trial for clear error, Keefe v. Bahama Cruise Line, Inc., 867 F.2d 1318, 1321 (11th Cir.1989), but the court's legal conclusions are subject to de novo review. Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1370 (11th Cir.1989). Because the district court erroneously concluded that Sec. 1132(a)(1)(B) permits beneficiaries to recover damages for a breach of fiduciary duty, we vacate the district court's judgment for Vicki based on a breach of fiduciary duties and remand the case so that the parties may present to the district court their contentions concerning Kane and other possible theories of recovery.
 
 A. Breach of Fiduciary Duty
 
 10
 The district court held that Vicki was entitled to recover damages from Southern Bell under 29 U.S.C. Sec. 1132(a)(1)(B) based on the company's breach of its fiduciary duties. A cause of action for an ERISA fiduciary's breach of its duties arises under 29 U.S.C. Sec. 1109 rather than Sec. 1132(a)(1)(B), and Sec. 1109 does not permit an individual beneficiary to recover damages for breach of fiduciary duties. Massachusetts Mutual Life Insurance Co. v. Russell, 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985).
 
 
 11
 Section 1109, entitled "Liability for breach of fiduciary duty," provides in pertinent part:
 
 
 12
 (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.
 
 
 13
 29 U.S.C. Sec. 1109(a) (emphasis added). The plain language of Sec. 1109(a) makes it clear that only the plan, and not an individual beneficiary, may recover damages for a breach of fiduciary duties. The Court in Russell noted that:
 
 
 14
 A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of the individual beneficiary.
 
 
 15
 473 U.S. at 142, 105 S.Ct. at 3090 (footnote omitted).
 
 
 16
 Other courts have held that Sec. 1109 provides the sole basis for a suit alleging breach of fiduciary duties, and that a beneficiary may not bring a claim for breach of fiduciary duties under Sec. 1132(a)(1)(B). See McMahon v. McDowell, 794 F.2d 100, 111 (3rd Cir.), cert. denied 479 U.S. 971, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986); Hozier v. Midwest Fasteners, Inc., 908 F.2d 1155, 1162 n. 7 (3rd Cir.1990). Thus, Vicki was not entitled to damages under Sec. 1132(a)(1)(B) based on a breach of fiduciary duty theory, and we vacate the judgement in her favor.
 
 B. Other theories of recovery
 
 17
 In Nachwalter v. Christie, 805 F.2d 956, 959-61 (11th Cir.1986), this court held that ERISA does not permit enforcement of oral amendments or modifications of a plan. The court in Kane clarified Nachwalter's scope by holding that ERISA permits a beneficiary's claim based on federal common law of equitable estoppel to enforce oral interpretations of ambiguous plan provisions. 893 F.2d at 1286 ("[b]ecause the issue before us involves an oral interpretation of an ERISA plan, the Nachwalter decision, which is limited to oral amendments and modifications, is not controlling"). Under Kane, a plaintiff may bring a federal common law equitable estoppel claim where:
 
 
 18
 (a) the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect, and (b) representations are made to the employee involving an oral interpretation of the plan.
 
 
 19
 Alday v. Container Corp. of America, 906 F.2d 660, 666 (11th Cir.1990) (discussing Nachwalter and Kane). Unless both conditions are met Nachwalter, not Kane, controls the case, and a beneficiary has no equitable estoppel claim. Id.
 
 
 20
 Vicki contends that we should affirm the district court's judgment on the basis of Kane. She says that the plan's provisions dealing with changes of beneficiaries were ambiguous because Southern Bell never told Charles how he could change his beneficiary, and that, although the plan description booklet provided that a member of the plan could change his or her beneficiary by completing "the proper form," Southern Bell did not clearly identify that form. She contends that her claim satisfies the second requirement set out in Alday because the plan description booklet provided that employees should consult their supervisors if they had questions about the plan, and that Gray's signing of the certificate of insurance amounted to a representation that the certificate was "the proper form" for effectuating a change of beneficiaries.
 
 
 21
 Southern Bell asserts that Nachwalter rather than Kane controls this case because the plan provisions dealing with changes of beneficiary are not ambiguous. The certificate of insurance that Charles presented to Gray provided that "Entries Below Are To Be Made Only By The Employer. No Other Entries Will Be Valid," and the company contends that this provision unambiguously invalidated the entries that Charles made on the certificate.
 
 
 22
 Because we decided both Kane and Alday after the district court entered its judgment in this case, neither party presented these contentions to the district court, and we decline to address them in the first instance. "It is a general rule, of course, that a federal appellate court does not consider an issue not passed upon below." Clark v. Coats & Clark Inc., 929 F.2d 604, 609 (11th Cir.1991), quoting Singleton v. Wulff, 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). Compliance with this rule is prudent in light of the circumstances of this case, because the inquiry into whether Simmons has established an equitable estoppel claim under Kane will focus on two issues: (1) whether the plan provisions dealing with changes of beneficiaries were ambiguous, and (2) whether Gray's actions amounted to a "representation" that interpreted those provisions. The district court's findings of fact in this case were almost exclusively related to the different issue of whether the company breached its fiduciary duties. Therefore, we remand to the district court in order that it may enter additional findings relating to the matters currently at issue.
 
 
 23
 We express no opinion on the merits of Vicki's claim under Kane. On remand the parties, of course, may raise any claims or defenses previously raised in the pleadings and not rejected by this opinion.
 
 
 24
 VACATED and REMANDED.
 
 
 
 [1]
 Employee Retirement Income Security Act of 1974, 29 U.S.C. Secs. 1001-1401
 
 
 [2]
 Because we vacate the district court's award of damages to Vicki, we do not address her contentions regarding the proper form of interest in ERISA cases and her claim of entitlement to attorney's fees