**Robert LOWE, Plaintiff,**

v.

**TELESAT CABLEVISION, INC., Defendant.**

**No. 93–468–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Nov. 15, 1993.

---

Eduardo R. Latour, Latour & Associates, P.A., Tarpon Springs, FL, for plaintiff.

Ralph C. Losey, Subin, Shams, Rosenbluth, Moran, Losey & Brennan, P.A., Orlando, FL, for defendant.

### ORDER ON DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's motion to dismiss Plaintiff's amended complaint and Plaintiff's response thereto. Defendant has also filed a motion for summary judgment which has to date not been responded to by Plaintiff.

### STANDARD OF REVIEW

A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that Plaintiff can prove no set facts that would entitle Plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, when ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

### BACKGROUND

Plaintiff filed his amended complaint in this action on July 9, 1993, against Defendant, Telesat Cablevision, Inc., a Florida Corporation. Plaintiff's amended complaint alleged that Defendant provided both short-term and long-term disability benefits to its employees through Life Insurance Company of North America (the "Plan"), as required under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*. Plaintiff specifically alleges that Defendant had a duty under 29 U.S.C. § 1059 to maintain time records regarding Plaintiff's employment including providing accurate documentation regarding seniority dates, accrued vacation time and accrued sick leave. Further, Plaintiff alleges that Defendant knew or should have known, through exercise of due diligence, that such records establish one year of continuous service by Plaintiff prior to becoming disabled and requesting long-term disability benefits. Plaintiff next alleges that Defendant negligently, willfully and/or intentionally failed to comply with Section 1059 and that Plaintiff, as a direct and proximate result of said noncompliance, suffered the loss of $1,000,000.00 in long-term disability benefits over the course of his lifetime.

### DISCUSSION

In its motion, Defendant asserts two reasons why this Court should dismiss Plaintiff's complaint. After consideration of both Defendant's assertions and Plaintiff's responses thereto, this Court agrees with Defendant.

■ Defendant first asserts in its motion that Plaintiff's "amended complaint fails to state a claim upon which relief can be granted because ERISA does not allow an individual beneficiary to recover damages for breach of fiduciary duties". Defendant cites both 29 U.S.C. § 1109 and *Simmons v. Southern Bell Telephone and Telegraph Co.,* 940 F.2d 614 (11th Cir.1991), in support of its assertion. Defendant argues that "[o]nly the ERISA plan itself, and not an individual beneficiary, may recover damages for a breach of fiduciary duties."

Plaintiff's response states that Defendant cites *Simmons* "for the proposition that an individual beneficiary does not have a cause of action for breach of a fiduciary duty." Plaintiff continues stating that the court in *Simmons* cites *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134, 140, 105 S.Ct. 3085, 3089, 87 L.Ed.2d 96 (1985), and that *Russell* "did not preclude a beneficiary's cause of action for breach of fiduciary duties, but merely precluded an individual cause of action for extra-contractual damages, either compensatory or punitive ... [and] does not preclude an action for merely contractual damages."

Before turning to the merits of these disparate assertions, it is apparent from their statements that the parties do not contest the issue of whether the employer is a "fiduciary" within the meaning of ERISA, 29 U.S.C. § 1002(21)(A). Therefore, after considering the pleadings filed by both parties, Defendant's motion presently under consideration and Plaintiff's response thereto, this Court proceeds with its analysis under the assumption that the employer is a fiduciary with respect to the Plan. Further, while Plaintiff does not specifically plead 29 U.S.C. § 1109 as a basis for his cause of action, both Defendant in its motion to dismiss and Plain-

tiff in his response thereto cite to cases specifically dealing with that section. Giving Plaintiff the benefit of the doubt, this Court includes in its analysis this statutory basis as part of Plaintiff's claim.

As Defendant asserts in its motion, Section 1109 addresses liability for breach of fiduciary duties. That section specifically states in part that:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses *to the plan* resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate. . . .

29 U.S.C. § 1109 (emphasis added). This Court agrees with Plaintiff that the holding in *Russell* clearly states 29 U.S.C. § 1109 does not permit a cause of action "for extra-contractual damages caused by improper or untimely processing of benefit claims." *Russell* at 148, 105 S.Ct. at 3093. However, this Court also notes that the Court in *Russell* stated that "the entire text of [§ 1109] persuades us that Congress did not intend that section to authorize any relief except for [by] the plan itself." *Russell* at 144, 105 S.Ct. at 3091. Therefore, while the prohibition in *Russell* forecloses a cause of action for "extra-contractual damages", it is also clear that any "recovery for a violation of [§ 1109] inures to the plan as a whole." *Russell* at 140, 105 S.Ct. at 3089. Accordingly, *Russell* clearly stands for the proposition that an individual may not bring a cause of action under Section 1109 to recover on his own behalf.

Further support for this position is found in *Simmons,* where the Eleventh Circuit stated that:

[a] cause of action for an ERISA fiduciary's breach its duties arises under 29 U.S.C. § 1109 . . . and § 1109 does not permit an individual beneficiary to recover damages for breach of fiduciary duties. . . . The plain language of § 1109(a) makes it clear that only the plan, and not an individual beneficiary, may recover damages for a breach of fiduciary duties.

*Simmons* at 617 (citation omitted). Accordingly, after careful consideration of the foregoing authorities, this Court agrees with Defendant that Plaintiff, as an individual participant or as an individual beneficiary, could not bring a cause of action under Section 1109 for a breach of a fiduciary duty or duties.

■ The next assertion in Defendant's motion is that Plaintiff has no direct cause of action under 29 U.S.C. § 1059. Section 1059 states, in part, that:

(a)(1) Except as provided by paragraph (2) every employer shall . . . maintain records with respect to each of his employees sufficient to determine benefits due or which may become due to such employees. . . .

(b) If any person who is required, under subsection (a) of this section to . . . maintain records for any plan year fails to comply with such requirement, he shall pay to the Secretary a civil penalty of $10 for each employee with respect to whom such failure occurs, unless it is shown that such failure is due to reasonable cause.

Defendant asserts that the only remedy under this section for an employer's breach of its duty to maintain records with respect to an ERISA plan is the payment to the Department of Labor of a civil penalty of $10.00 for each employee with respect to whom such failure occurs. Defendant cites *Cartelli v. Plumbers and Steamfitters Local Union No. 422,* 1991 WL 150039 (N.D.Ill., July 31, 1991), *aff'd.,* 1992 WL 6065 (N.D.Ill., Jan. 9, 1992) in support of its argument. In *Cartelli,* the court granted, in part, the defendant's motion for summary judgment stating that "29 U.S.C. § 1059 . . . [does] not provide a private right of action, but call[s] for a $10 civil penalty to be paid to the Secretary of Labor." *Id.*

Plaintiff does not respond to this argument in its Response to Defendant's Motion to Dismiss. This Court finds the language of Section 1059 clear that there is no private cause of action for violation of that section and further, agrees with the court in *Cartelli.* Therefore, this Court agrees with Defendant that Plaintiff's amended complaint, in pleading a private cause of action under Section 1059, has failed to state a claim upon which relief can be granted.

As such, this Court finds that Plaintiff's amended complaint fails to state a claim when viewed in the light most favorable to Plaintiff, because, under the foregoing analysis, it appears beyond a reasonable doubt that Plaintiff can prove no set facts that would entitle him to relief. While this Court does not rule on the precise question of whether Plaintiff has a cause of action against Defendant under ERISA, the Court does find that Plaintiff has failed to state a claim upon which relief can be granted in its amended complaint. Accordingly, it is

**ORDERED** that Defendant's motion to dismiss Plaintiff's amended complaint be **granted with leave for Plaintiff to amend** his complaint within ten (10) days of the date of this order and the motion for summary judgment filed by Defendant on October 10, 1993 be **denied** as moot. Failure to timely file an amended complaint will result in dismissal, without further notice.

**DONE AND ORDERED.**