**Thomas C. PRUITT, Plaintiff,**

v.

**WESTINGHOUSE ELECTRIC CORP., Defendant.**

No. 88–1166 Civ–T–10(A).

United States District Court,
M.D. Florida,
Tampa Division.

Aug. 9, 1989.

---

Thomas C. Pruitt, Bradenton, Fla., pro se.

Joan E. Young, Zinober & Burr, Tampa, Fla., for defendant.

## ORDER

HODGES, Chief Judge.

Before the Court is the defendant, Westinghouse Electric Corporation's motion for summary judgment against the plaintiff, Thomas C. Pruitt.[1] The plaintiff is claiming entitlement to severance and other pension and health care benefits under a voluntary separation program established by the defendant for certain of its employees. In its Order of November 2, 1988, the Court determined that the voluntary separation program ("the Plan") qualifies as an Employee Retirement and Security Act ("ERISA") plan, and that plaintiff's entitlement to benefits under the Plan is, there-

fore, governed by ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff opposes defendant's summary judgment motion on two grounds. First, plaintiff contends that he satisfies all the eligibility requirements for participation in the Plan; and second, plaintiff argues that the defendants should be estopped from excluding him from the Plan's benefits.

Section 1132(a)(2) of ERISA provides that a civil action under ERISA may be brought only by a plan "participant," "beneficiary," "fiduciary," or the Secretary of Labor. The term "participant" is defined as "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). The defendant contends that it is entitled to judgment as a matter of law pursuant to Fed.R.Civ.P. 56(b) on the ground that the plaintiff is not a "participant" in the ERISA plan under which he is seeking to recover.

Summary judgment is appropriate only when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). In making this determination, the Court must view the evidence in the light most favorable to the non-moving party. *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988).

The Court has reviewed the record provided by the parties and finds that there is no genuine issue as to the following material facts. The plaintiff was employed by Electric Arc, Inc., a privately owned company, in February, 1971. Deposition of Thomas C. Pruitt, pp. 14, 16–17. In February, 1980, Electric Arc was acquired by the defendant, Westinghouse, and became a wholly-owned subsidiary of Westinghouse. *Id.* at 17. In late 1986, Westinghouse established a voluntary separation plan.[2] Ac-

---

**1.** Plaintiff is appearing *pro se.*

**2.** The management of Westinghouse established the Plan in response to a reduction in sales and

profits in its operating division referred to as the "Power Systems Business Unit." The Plan offered eligible employees a severance payment equal to one year's base pay in exchange for the

cording to the terms of the Plan, no employee of subsidiary companies of Westinghouse were eligible to participate in the Plan. Affidavit of L.E. Vickers and attached documentation.[3] Notification letters and an election form were sent to middle-level managers of Westinghouse for distribution to eligible employees. Although the notification letters did not state that employees of subsidiaries would not be eligible, a statement to this effect was included in instructions sent to the middle-level managers concerning the distribution of the notification letters. The plaintiff was an employee of Electric Arc in October, 1986,[4] *see* Pre–Trial Stipulation at p. 5, and was not sent a notification letter. Affidavit of L.E. Vickers. Plaintiff continued to work for Electric Arc after the company was sold by Westinghouse in 1987, but resigned from Electric Arc in January, 1989. Deposition of Thomas C. Pruitt, p. 15.

Based on the foregoing, the plaintiff is not a participant in the ERISA plan under which he is seeking to recover. Accordingly, plaintiff's first basis for opposing defendant's motion for summary judgment is unavailing.

■ Plaintiff's second ground for opposing defendant's motion for summary judgment is based on estoppel.[5] Plaintiff alleges that agents of the defendant orally represented to the plaintiff that he would be permitted to participate in the Plan. Plaintiff further alleges that he terminated his employment prematurely in reliance on these representations. Plaintiff thus contends that the defendant should be estopped from excluding him from participation in the Plan.

The plaintiff has not affirmatively designated in his pleadings the specific facts underlying his estoppel argument. However, it appears from his deposition that upon learning of the Plan from a *Wall Street Journal* article, plaintiff called Jim Robinson, the President of Electric Arc to inquire about the Plan. Mr. Robinson told plaintiff to get information about the Plan from the Westinghouse manager in Tampa, and that he (Mr. Robinson) would approve it. Plaintiff then requested the material from Brad Howard, the Westinghouse manager in Tampa. Mr. Howard stated he "had no objections" and asked whether plaintiff had approval. When plaintiff told Mr. Howard that Mr. Robinson had given his approval, Mr. Howard stated that he did not blame plaintiff for taking advantage of the Plan and he gave plaintiff a copy of a letter from J.S. Moore, the Vice President and General Manager of the Power Systems Business Unit division of Westinghouse. The letter outlined the terms of the Plan, but did not state the requirement that employees of subsidiaries would not be eligible for the Plan. Deposi-

---

employee's voluntary resignation from employment. The Plan also provided that the employee would receive all other benefits associated with separation for which the employee was eligible at the time of resignation. *See* Affidavit of L.E. Vickers and attached Letter from J.S. Moore dated October 13, 1986.

3. Plaintiff suggested in his response to defendant's motion for summary judgment that the decision to exclude subsidiary employees was made after Westinghouse commenced notifying employees of their eligibility to participate in the Plan. However, plaintiff presents no evidence for this assertion in response to L.E. Vicker's affidavit and supporting documentation that this decision was reflected in instructions accompanying the notification letters sent to the middle-level managers for distribution to eligible employees. Thus, plaintiff's unsupported assertion is insufficient to create a genuine issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S.

317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

4. In his deposition, plaintiff stated that he was employed by Westinghouse, and that he was on the Westinghouse payroll. *See* Deposition of Thomas C. Pruitt pp. 58,65,68. Notwithstanding these statements, however, plaintiff signed the pre-trial stipulation which states as an undisputed fact that plaintiff was employed by Electric Arc in October, 1986.

5. Plaintiff first raised this argument in his response to defendant's motion for summary judgment. The defendant has moved for leave to file a reply to plaintiff's response in order to address more fully plaintiff's estoppel argument. The defendant's motion is GRANTED. Although the plaintiff has not amended his complaint to incorporate his estoppel argument, since the defendant has addressed plaintiff's argument, the Court will also address it.

tion of Thomas C. Pruitt, pp. 44–46. Plaintiff then sent a letter dated November 4, 1986, to the Human Resource Department of Westinghouse stating his acceptance of the Plan. *See id.* at 67; Exhibit B to the Complaint. The Human Resources Manager of Westinghouse responded to the plaintiff by letter dated November 26, 1986, that plaintiff was not eligible to participate in the Plan because the Plan was not available to employees of "Associate" companies. *See id.* at 65; Exhibit C to Complaint. Plaintiff later terminated his employment with Electric Arc in January, 1989, *Id.* at 16, over two years after he had been told that the Plan was not available to him.

The defendant is also entitled to summary judgment concerning plaintiff's estoppel argument. In *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986), a beneficiary of an ERISA plan contended that because the trustees of the plan made certain oral representations to the beneficiary, the trustees should be estopped from enforcing the written terms of the plan.[6] The Eleventh Circuit rejected the beneficiary's contention and held that an ERISA plan cannot be modified by oral agreements. The court concluded that to allow an ERISA plan to be modified by oral representations based on the common law doctrine of estoppel would be inconsistent with the statutory requirement that ERISA plans be "maintained" in writing. *Id.* at 960. The court also reasoned that to permit such modifications would undermine the policy goal of ERISA to protect the interests of employees and their beneficiaries "because employees would be unable to rely on these plans if their expected retirement benefits could be radically affected by funds dispersed to other employees pursuant to oral agreements." *Id.*

Accordingly, the plaintiff cannot rely on promissory estoppel as a basis for claiming entitlement to benefits under the Plan. *See also Degan v. Ford Motor Co.,* 869 F.2d 889 (5th Cir.1989) (plaintiff seeking entitlement to early retirement benefits may not invoke promissory estoppel based on oral representations).

Moreover, even if an estoppel argument could support entitlement to ERISA plan benefits, defendants would still be entitled to judgment as a matter of law since the record shows that plaintiff did not detrimentally rely on the alleged oral representations of defendant's agents. Plaintiff stated in his deposition that he terminated his employment with Electric Arc in January, 1989 because he was not satisfied with the direction the new management of Electric Arc was taking. Deposition of Thomas C. Pruitt, p. 16. Plaintiff's later conclusory allegations of reliance on defendant's representations concerning the Plan set forth in his response to defendant's motion for summary judgment are insufficient to create a genuine issue for trial. *See Van T. Junkins & Assoc. v. U.S. Industries,* 736 F.2d 656 (11th Cir.1984).

Upon due consideration, therefore, defendant's motion for summary judgment is GRANTED. The Clerk is directed to enter judgment for defendant and against the plaintiff with costs to be determined according to law.

IT IS SO ORDERED.

DONE and ORDERED.

---

6. The alleged oral agreement concerned the date upon which the beneficiary was permitted to withdraw his funds from the plan, which date also operated as the date for valuing both the plan's net assets and the employee's share thereof. Under the terms of the plan, the withdrawal/valuation date would have been June 30, 1982. However, the beneficiary's personal representative alleged that the trustees orally agreed to a withdrawal/valuation date of June 30, 1981, which would have substantially increased the amount of benefits to which the personal representative would be entitled.