**Marla MANN, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA and the Stewart Benefit Trust, Defendants.**

**No. 90–6036–CIV.**

United States District Court,
S.D. Florida.

April 23, 1992.

Thomas D. Lardin, Fort Lauderdale, Fla., for plaintiff.

Frank A. Lane and Cecelia Aulick, Miami, Fla., for defendant Prudential.

Edward L. Friedman, Houston, Tex., and Harvey W. Gurland, Miami, Fla., for defendant Stewart Benefit Trust.

### ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon various pending motions, including motions for summary judgment filed by both defendants. The parties have fully briefed the pending motions, and the Court has had the benefit of United States Magistrate Judge Lurana S. Snow's report and recommendation concerning some of the pending motions. All the pending motions are ripe for disposition.

### I. Factual Background

Marla Mann was an employee of Interstate Title Trust, which is a subsidiary of Stewart Title Company. As an employee of Interstate Title, Mann participated in an employee group health insurance plan which was provided by Stewart Title ("The Plan"). The plan is a self-funded employee benefit plan maintained by Stewart Title through the Stewart Benefit Trust (SBT). Pursuant to an Administrative Services Agreement entered into between SBT and the Prudential Insurance Company Of America ("Prudential"), Prudential administers the plan.

In 1988 Marla Mann became pregnant. Because of previous pregnancy difficulties, Mann received prenatal monitoring services and a home uterine monitoring device from Healthdyne Prenatal Services ("Healthdyne").

The plaintiff submitted a claim to Prudential seeking reimbursement for the expense of the home uterine monitoring service. Prudential denied the claim based on the plan's exclusion of "unnecessary services or supplies." The plaintiff appealed Prudential's denial of benefits to SBT on May 6, 1991. By letter dated July 16, 1991, SBT denied the plaintiff's appeal on the ground that the expenses incurred for use of the home uterine monitoring device were not covered under the plan.

### II. Procedural History

The plaintiff filed suit in the state court, originally only against Prudential. Prudential removed the cause to this Court and, after removal, the plaintiff added the Stewart Benefit Trust as a party defendant. The plaintiff's complaint is in two counts, both arising under ERISA's civil enforcement provisions. 29 U.S.C. §§ 1132(a)(3)(A)–(B). The plaintiff's first count seeks to recover the benefits denied. Her second count seeks equitable relief under a theory of promissory estoppel.

The defendants filed motions for summary judgment (DE 48, 83). The Court referred both motions to Judge Snow for Report and Recommendation (DE 61, 84).

Significantly, Stewart Benefit Trust moved for summary judgment on the ground that the plaintiff failed to exhaust her administrative appeal remedies under the plan before she filed suit (DE 48). Judge Snow recommended that the Court grant the motion on that basis because the plaintiff had not presented her claim to the trustees of SBT, as she was permitted to do under the plan (DE 65). On May 2, 1991, the Court adopted Judge Snow's recommendation and granted Stewart Benefit Trust's motion for summary judgment on

the ground that the plaintiff had not exhausted her remedies with the trustees (DE 79). The plaintiff then moved the Court to stay entry of final judgment so that she could exhaust her remedies under the plan (DE 82). The Court granted the motion for stay and stayed entry of final judgment (DE 96). The plaintiff then sought review under the plan and on July 16, 1991, the Trustees finally denied her claim.

Prudential had moved for summary judgment as to both counts on various grounds (DE 83). Judge Snow submitted a report recommending that the Court grant Prudential's motion as to count I but deny the motion as to count II (DE 87).

### III. Stewart Benefit Trust Motions

The Court will address the pending motions separately for each defendant. As to the claim against Stewart Benefit Trust, the following motions are pending: (1) Plaintiff's Motion To Set Aside The Order Granting Summary Judgment (DE 111); (2) Stewart Benefit Trust's Motion For Entry Of Final Judgment (DE 110); (3) Stewart Benefit Trust's Second Motion For Summary Judgment (DE 113); (4) Plaintiff's Motion To Amend By Interlineation (DE 112).

#### A. *Motion To Set Aside & SBT's Motion For Entry Of Final Judgment*

As the Court noted above, the plaintiff has exhausted her administrative remedies under the plan. Accordingly, she has asked the Court to set aside the earlier order granting the Stewart Benefit Trust's Motion For Summary Judgment, which ruling was based on her failure to exhaust her remedies under the plan.

Prior to the plaintiff filing the motion to set aside the earlier order, the defendant Stewart Benefit Trust had moved the Court to enter final judgment in its favor in accord with the Court's May 2, 1991, order granting Stewart Benefit Trust's Motion For Summary Judgment. As the Court noted above, the Court stayed entry of final judgment so that the plaintiff could exhaust her remedies with the trustees.

The Court will grant the plaintiff's motion to set aside the May 2, 1991, order and

will set aside that order (DE 79). The Court finds that the plaintiff has exhausted her administrative remedies by pursuing all possible appeals available to her under the plan. Accordingly, the ground upon which the Court previously granted SBT's motion for summary judgment is no longer sustainable. Because the Court will set aside the May 2, 1991, order, the Court will deny Stewart Benefit Trust's Motion To Enter Final Judgment.

#### B. *SBT's Second Motion For Summary Judgment*

Apparently realizing the Court most likely would set aside the earlier summary judgment entered in Stewart Benefit Trust's favor on exhaustion grounds, Stewart Benefit Trust has filed a second motion for summary judgment. That motion is now ripe. The Court will address this motion below, together with Prudential's motion for summary judgment.

#### C. *Motion For Leave To Amend*

The plaintiff also has moved for leave to amend her complaint by interlineation. In light of the trustees of SBT denying her final appeal, the plaintiff seeks leave to amend the complaint to include an allegation that she has exhausted all her remedies under the plan. The Court will grant the plaintiff's motion.

### IV. Pending Motions For Summary Judgment

The Court now turns to the pending motions for summary judgment. After announcing the summary judgment standard governing its decision, the Court will address each defendant's motion separately.

#### A. *Summary Judgment Standard*

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of establishing that there is no genuine issue of

material fact lies upon the moving party and it is a stringent one. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Court should not grant summary judgment unless it is clear that a trial is unnecessary, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), and any doubt as to the existence of a genuine issue for trial should be resolved against the moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. at 2553; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir.1991). To discharge this burden the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325, 106 S.Ct. at 2554.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). According to the plain language of Fed.R.Civ.P. 56(e), the nonmoving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

Essentially, the nonmoving party, so long as that party has had an ample opportunity to conduct discovery, must come forward with affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257, 106 S.Ct. at 2514. "A mere 'scintilla' of evidence supporting the opposing party's posi-

tion will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir.1990).[1] If, after the movant makes its showing, the nonmoving party brings forth evidence in support of its position on an issue for which it bears the burden of proof at trial that "is merely colorable, or is not significantly probative, then summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511.

**B.** *Prudential's Motion For Summary Judgment*

The defendant Prudential has moved for summary judgment as to both counts of the plaintiff's amended complaint. Prudential advances several reasons why it is entitled to summary judgment on both counts: (1) the plaintiff failed to exhaust her appeal remedies under the plan and therefore cannot pursue this action in federal court; (2) as claims administrator for the plan, Prudential is not a proper party to this suit; (3) even if Prudential is a proper party to this suit, its decision to deny the plaintiff's request for benefits was neither arbitrary nor capricious; and (4) Prudential is not liable on count II under a theory of promissory estoppel because the plaintiff has not advanced any evidence that Prudential made a promise to the plaintiff.

Judge Snow ultimately recommended that the Court grant Prudential's motion as to count I because there is no evidence that its decision denying the claim was arbitrary and capricious. She recommended further that the Court deny Prudential's motion as to count II because she believed a factual issue remained about whether Prudential ever made a representation to the plaintiff or to Healthdyne. Prudential and the plaintiff have filed objections to her report. The Court will address each of Prudential's original claims, and the objections to the magistrate judge's treatment of those claims, in turn.

---

**1.** The standard for granting summary judgment mirrors the standard for directing a verdict under Fed.R.Civ.P. 50(a). *Anderson v. Liberty Lob-*

*by, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

### 1. Exhaustion

Prudential had claimed that the plaintiff could not bring this suit because she had failed to exhaust her appeals under the plan. In her report, Judge Snow discussed a conflict between certain portions of the contracts which constitute the plan. She found that there are conflicting provisions in the plan regarding who has the final decision making power under the plan. Prudential alleges in its objections that Judge Snow misconstrued the plan in finding a conflict. However, the issue is moot because the Court has found that the plaintiff has exhausted her final appeal with both the trustees and with Prudential.

### 2. Proper Party

The conflict noted above emerges again with respect to Prudential's second contention. Prudential had claimed that it was entitled to summary judgment on count I on the ground that it is merely an administrator of the plan, and not a fiduciary, because the final decision on all appeals lies with the trustees of Stewart Benefit. However, as Judge Snow pointed out, the Court does not need to rule on this issue because, even assuming Prudential is a proper party to this suit, Prudential is still entitled to summary judgment on count I as the plaintiff has not demonstrated that Prudential's decision denying the claim was arbitrary or capricious.

### 3. Was Prudential's Denial Arbitrary & Capricious?

Initially, the Court must determine the proper standard of review to use in assessing Prudential's denial of the claim. In *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), the Supreme Court of the United States held that district courts reviewing claim decisions based on plan interpretations are to apply the de novo standard of review unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. Therefore, if a plan does give the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, then

the arbitrary and capricious standard governs the Court's review of the claim denial. *Id.*

Judge Snow found that while the instant plan does not expressly grant Prudential discretion to determine benefit eligibility or to construe the terms of the plan, the plan's exclusion of coverage for unnecessary services and supplies unequivocally requires Prudential to exercise its discretion in determining the validity of some claims. For example, and particularly relevant here, the plan provides that unnecessary services and supplies are not covered. See Benefit Plan and Administrative Services Agreement at A–1.32, Addendum A–1 to Exhibit A, DE 75. The plan goes on to say that "[t]o be 'needed', a service or supply must be (a) ordered by a doctor, (b) commonly and customarily recognized throughout the doctors' profession as appropriate in the treatment or diagnosis of the sickness or injury, (c) neither educational nor experimental in nature . . ., and (d) neither furnished mainly for the purpose of medical nor other research." *Id.*

The term "discretion" has been defined as "the act or faculty of discerning, discriminating, or judging." See Webster's Third New International Dictionary (1976). The language of the clause which excludes from coverage unnecessary services and supplies obviously requires Prudential to discriminate, discern, and judge between those services that are needed and those that are not. Consequently, it is difficult for the Court to see how Prudential is to carry out its duties without exercising some discretion. Judge Snow found that the above-quoted language bestowed Prudential with discretionary authority to determine whether certain supplies or services are eligible for coverage. Accordingly, she found that, pursuant to *Firestone*, the arbitrary and capricious standard applies.

The plaintiff has objected to the magistrate judge's conclusion that the arbitrary and capricious standard applies. First, the plaintiff argues that the arbitrary and capricious standard only can apply if the plan *expressly* gives the administrator or fiduciary the discretion to determine eligibility

for benefits or to construe the terms of the plan. She contends that if a Court were capable of implying discretion from the language of a plan, then the standard would always be arbitrary and capricious because there is always discretion in any decision. She refers the Court to several appellate decisions, none from this circuit, to support her contention that the plan must say expressly that the administrator or fiduciary may exercise discretion.

The Court will overrule the plaintiff's objections. The Court finds that the arbitrary and capricious standard applies to any benefit denial by Prudential. *See Brown v. Blue Cross & Blue Shield of Alabama, Inc.*, 898 F.2d 1556, 1566 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 712, 112 L.Ed.2d 701 (1991); *Jett v. Blue Cross & Blue Shield of Alabama, Inc.*, 890 F.2d 1137 (11th Cir.1989); *Anderson v. Blue Cross/Blue Shield of Alabama, Inc.*, 907 F.2d 1072 (11th Cir. 1990). The plan requires Prudential to make the initial benefit decision. The plan also excludes from coverage those services and supplies that are unnecessary and provides criteria by which Prudential can assess what services and supplies are "needed." If Prudential is to determine what is and is not "needed," Prudential must exercise some discretion. *See Anderson,* 907 F.2d at 1076 (noting that where a plan gives a fiduciary the right to determine which services and supplies are medically necessary, and therefore payable, the arbitrary and capricious standard applies).

Having determined that the arbitrary and capricious standard applies, the Court next must assess Prudential's denial of the plaintiff's claim to determine whether it was arbitrary and capricious. Judge Snow found that the plaintiff provided no evidence, as the plaintiff had the burden to do, demonstrating that Prudential's decision to deny the claim was arbitrary and capricious based on the evidence available to Prudential. The only evidence before Judge Snow was a letter of medical necessity from Dr. Joyner, Mann's obstetrician, and the bills submitted by Healthdyne. As Judge Snow noted, Prudential denied coverage on three separate occasions on the ground that the

service was neither reasonably necessary nor commonly and customarily recognized as appropriate in the profession. *See* Exhibits to DE 57. On two of these occasions, Prudential offered to review additional evidence but the plaintiff failed to supplement the record. Judge Snow ultimately found that because the plaintiff had failed to provide any evidence that the decision was arbitrary and capricious, summary judgment was proper in favor of Prudential. Judge Snow also concluded that because the plan was self-funded through a trust, there was no conflict of interest similar to the conflict which would exist if Prudential were paying claims out of its own assets.

The plaintiff has filed objections to the magistrate judge's Report. The plaintiff attacks the magistrate judge's contention that Prudential's denial was not arbitrary and capricious and the magistrate judge's contention that Prudential had no conflict of interest, which if present would demand more exacting scrutiny. The plaintiff contends that, even based on the record before Prudential, the denial decision was arbitrary and capricious. She contends that Dr. Joyner had submitted a detailed letter of medical necessity which on its face demonstrates that the service was "needed," as that term is defined in the plan. The plaintiff then contends that Prudential offered nothing but conclusory statements in support of its decision of denial.

 When reviewing a claim denial to determine if the denial was arbitrary and capricious, a court simply must determine whether there was a reasonable basis for the decision based upon the facts known to the administrator at the time of the decision and whether the denial was made in good faith. *See Jett,* 890 F.2d at 1139. This is so even if evidence exists which would support a contrary decision. *Jett,* 890 F.2d at 1140. In essence a claim denial must be completely unreasonable before a federal court can find that the denial was arbitrary and capricious. *Van Boxel v. Journal Co. Employees' Pension Trust,* 836 F.2d 1048, 1053 (7th Cir.1987).

The plaintiff bears the burden of showing that a decision is arbitrary or capricious. *See Brown v. Blue Cross & Blue Shield of Alabama, Inc.*, 898 F.2d 1556 (11th Cir.1990). The magistrate judge found the plaintiff had not met that burden. The Court agrees.

In moving for summary judgment Prudential has satisfied its initial burden of showing the district court by reference to materials on file that there are no genuine issues of material fact which would preclude summary judgment on count I. The materials of record reveal that Prudential denied the claim because its corporate and regional medical consultants had found that the service was not reasonably necessary or even commonly and customarily recognized as appropriate throughout the doctors' profession. In responding to Prudential's motion for summary judgment the plaintiff contends that Dr. Joyner was correct. However, the mere existence of evidence which would support a contrary decision does not render the decision arbitrary and capricious. *Jett*, 890 F.2d at 1140. After careful review, the Court finds that the plaintiff has not met its burden of demonstrating that there are material issues of fact which would preclude summary judgment.

The Court finds that Prudential's decision to deny Mann's claim was reasonable based upon the facts known to Prudential at the time. Further, the Court finds that there is no evidence that the decision was made in bad faith. Accordingly, the Court finds that there is no genuine issue of material fact which would preclude the Court from finding as a matter of law that Prudential's decision to deny the claim was not arbitrary and capricious. Accordingly, Prudential is entitled to summary judgment on count I.

## C. *Count II*

■ The Court turns now to Prudential's motion for summary judgment as to count II of the Amended Complaint. In count II the plaintiff seeks recovery under a theory of promissory estoppel. Essentially, she claims that Healthdyne Prenatal Services

called an 800 number to verify that the home uterine monitoring services were covered under the plan. Someone on the other end of the phone allegedly confirmed that the services would be covered with a letter of medical necessity. The issue remains as to who, if anyone, made the promise.

Prudential points to the record evidence and contends that there is no proof that it or one of its agents made a promise to Healthdyne. Hence, Prudential contends that the plaintiff cannot prove an essential element of its promissory estoppel claim—a promise.

In response, the plaintiff argues that Prudential's failure to offer any evidence in support of its contention that it made no promise to the plaintiff and Prudential's failure to respond candidly to interrogatories about who exactly provided information at the 800 number found on Healthdyne's insurance verification form precludes summary judgment for Prudential on this issue. Judge Snow agreed and recommended that the Court deny the motion as to count II. Judge Snow reasoned that a conflict and ambiguity in Prudential's responses to the plaintiff's interrogatories left it unclear whether Prudential made any promise.

The defendant Prudential has objected to her finding. Prudential argues that the record is devoid of any evidence that Prudential made a promise to Healthdyne. The only evidence is the Insurance Verification Form attached as an exhibit to the affidavit of Melissa McAffee which accompanied the plaintiff's Response to Prudential's Motion For Summary Judgment (DE 57). On the form is an address which is Stewart Title's address and the phone number 1–800–231–2630, which number belongs to SBT. *See* SBT' Answers To Interrogatories dated April 18, 1991.

Judge Snow claimed that there was a factual issue remaining because Prudential had responded to the plaintiff's interrogatory I (DE 68, Exhibit A, Interrogatory I) by stating that it was "unknown" whether any Prudential employee had an extension at the Stewart Benefit telephone number found on Healthdyne's Insurance Verifica-

tion Form. Prudential explains in its objections that it had believed the interrogatory was asking whether any employee of SBT had an extension at the number. Thus, Prudential claims that it responded "unknown" because it did not know.

In moving for summary judgment on count II, Prudential has satisfied its initial burden of showing the district court by reference to materials on file that there are no genuine issues of material fact which would preclude summary judgment on count I. The plaintiff has attempted to satisfy her burden of adequately responding to the motion. However, With Prudential's explanation of its response to interrogatory I, there is no longer any evidence that a Prudential employee may have had an extension at the 1–800 number. Accordingly, there is no genuine issue of material fact which would preclude the Court from finding that the plaintiff cannot establish an essential element of her claim—namely that Prudential, or one of its agents, represented to her or Healthdyne that the monitoring services would be covered. Accordingly, the Court finds that Prudential is entitled to summary judgment on count I of the plaintiff's amended complaint.

### V. SBT's Motion For Summary Judgment

The SBT has filed a second motion for summary judgment attacking both count I and count II of the plaintiff's amended complaint. The Court will address each count separately.

#### A. *Count I*

■ In Count I the plaintiff seeks to recover the benefits she claims were wrongfully denied. By letter dated May 6, 1991, the plaintiff sought review of Prudential's denial by the trustees of Stewart Benefit Trust. By letter dated July 16, 1991, the trustees issued their decision denying the plaintiff's claim for benefits. See Exhibit A to SBT's Memorandum of Law In Support Of Its Motion For Summary Judgment (DE 114). The defendant has filed a copy of the complete record considered by the trustees, which record included Dr. Joyner's original letter of

medical necessity and a transcript of Dr. Joyner's deposition. See Exhibit to DE 113 (hereinafter "trustees' record"). In denying Mann's claim the trustees reasoned that (1) the home uterine monitoring device was not commonly and customarily recognized throughout the obstetrics profession in 1988; (2) the device was not approved by the FDA and had been denied a license on at least one occasion; and (3) there was medical evidence which indicated that during the relevant time period the device was considered investigational.

The SBT contends that it is now entitled to summary judgment on count I because the record is devoid of any evidence demonstrating that the trustees' decision was arbitrary or capricious. For the same reason the Court used the arbitrary or capricious standard to review Prudential's decision, the Court will review the SBT's decision under the arbitrary and capricious standard.

Accordingly, the only issue remaining on count I is whether the trustees' decision to deny the claim was arbitrary and capricious. To reiterate, when reviewing a claim denial to determine if the denial was arbitrary and capricious, the court simply must determine whether there was a reasonable basis for the decision based upon the facts known to SBT at the time of the decision and whether the denial was made in good faith. *See Jett*, 890 F.2d at 1139. This is so even if evidence exists which would support a contrary decision. *Jett*, 890 F.2d at 1140. The plaintiff bears the burden of showing that a decision is arbitrary and capricious, *see Brown*, 898 F.2d 1556, and a claim denial must be completely unreasonable before a federal court can find that the denial was arbitrary and capricious. *Van Boxel*, 836 F.2d at 1053.

As the defendant trust points out in its motion for summary judgment, the record supports a finding that the decision was reasonable. The trustees rendered a reasoned, five-page decision on July 16, 1991, denying the claim. *See Exhibit A to Stewart Benefit Trust's Memorandum of Law In Support Of Its Motion For Summary Judgment (DE 114). The decision describes in

detail the documentation and information that comprised the 344–page record which was before the trustees, and how that record justified the trustees' decision. The trustees argue that the only evidence in the trustees' record as to the efficacy of the home uterine monitoring device is Dr. Joyner's letter of medical necessity (Tab 23 of trustees' record) and portions of Dr. Joyner's deposition (Tab 9 of trustees' record). Critically, the trustees point out that Dr. Joyner was unable to testify that the home uterine monitoring device was commonly and customarily recognized throughout the obstetrics profession as appropriate in the treatment or diagnosis of premature labor. *See* Deposition of Dr. Joyner at 44. The trustees claim, therefore, that the plaintiff has failed to provide any evidence that the home uterine monitoring device was "needed" as that word is defined in the plan.

In contrast, the trustees point out that Dr. Sharon Lewis, Director of Medical Services For Prudential, stated unequivocally that during the relevant period of time the home uterine monitoring device was *not* recognized or commonly used by the community of obstetricians. *See* Medical Statement of Dr. Sharon D. Lewis, M.D., Medical Director, Prudential Insurance Company of America, Tab 8 of trustees' record. The trustees also point out that the record indicates that the Healthdyne home uterine monitoring device was not approved or licensed by the FDA. *See* Deposition of Melissa McAffee, Tab 12, trustees' record, at 13.

In sum, the trustees argue that the record supports the trustees' conclusion that in 1988 the monitoring device was not commonly and customarily recognized throughout the obstetrics profession, thus rendering it unnecessary and therefore uncovered by the plan. Accordingly, they contend that as a matter of law their decision was neither unreasonable nor made in bad faith and therefore not arbitrary and capricious. They conclude by noting that the plaintiff has not provided any evidence to the contrary.

The plaintiff responds with a memorandum of law in opposition to SBT's motion and a supplemental memorandum of law in opposition. In its original memo in opposition the plaintiff argues that her evidence—the Joyner deposition and the Joyner letter of medical necessity—demonstrates that the monitoring was necessary. The plaintiff argues that the only evidence in the record was an unsworn memo from Dr. Sharon Lewis (Tab 8, trustees' record) in which Dr. Lewis claims that the use of the monitoring device is not customary and is instead better characterized as investigational. The plaintiff contends that the SBT has not justified its decision, implying that it was unreasonable. Further, in her Supplemental Memorandum In Opposition, the plaintiff attempts to impeach Dr. Lewis's opinion that the use of a uterine monitoring device was not customary in 1988.

The Court has carefully considered the plaintiff's arguments and rejects them. The Court finds that the trustees' decision was reasonable and was made in good faith. Moreover, it appears that the trustees fairly considered all of the evidence. The Court finds that the plaintiff has not presented any evidence which would preclude the Court from finding that there is no genuine issue of material fact remaining as to whether the decision of the trustees was arbitrary and capricious. Consequently, the Court finds as a matter of law that the trustees decision to deny the claim was not arbitrary and capricious and that, therefore, the trustees are entitled to summary judgment on count I.

### B. *Count II*

The plaintiff contends in count II that an employee of either Prudential or the SBT represented to a Healthdyne employee that the monitoring service would be covered with a letter of medical necessity. SBT has moved for summary judgment on this issue.

In its motion, SBT advances two arguments. First, SBT contends that as a matter of law equitable relief cannot be based on oral representations made by agents of the trustees of the plan which contradict the written terms of the plan. In support of its argument the SBT refers the Court

to the case of *Nachwalter v. Christie*, 805 F.2d 956, 960 (11th Cir.1986). In *Nachwalter*, the Eleventh Circuit considered for the first time whether written employee benefit plans governed by ERISA may be modified by oral agreements. In *Nachwalter*, a beneficiary of an ERISA plan contended that because trustees of the plan made certain oral representations to the beneficiary, the trustees should be estopped from enforcing the written terms of the plan. The Eleventh Circuit rejected the beneficiary's contention and held that an ERISA plan cannot be modified by oral agreements. Other federal courts have construed *Nachwalter* to bar claims of promissory estoppel under ERISA. *See, e.g., Degan v. Ford Motor Co.*, 869 F.2d 889, 895 (5th Cir.1989); *Straub v. Western Union Telegraph Co.*, 851 F.2d 1262 (10th Cir. 1988); *Pruitt v. Westinghouse Electric Corp.*, 719 F.Supp. 1061 (M.D.Fla.1989).

Significantly, the Eleventh Circuit clarified *Nachwalter's* scope in *Kane v. Aetna Life Insurance*, 893 F.2d 1283 (11th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 232, 112 L.Ed.2d 192 (1990). In *Kane*, the Eleventh Circuit held that ERISA permits a beneficiary's claim based on the federal common law of equitable estoppel to enforce *oral interpretations* of ambiguous plan provisions. Notwithstanding *Nachwalter*, *Kane* permits a beneficiary to bring an equitable estoppel claim where (1) the provisions of the plan at issue are ambiguous so that reasonable persons could disagree as to their meaning or effect and (2) representations are made to the employee involving an oral interpretation of the plan. *See Alday v. Container Corp. of America*, 906 F.2d 660, 666 (11th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 675, 112 L.Ed.2d 668 (1991). Unless both conditions are met, *Nachwalter*, and not *Kane*, controls and a beneficiary's equitable estoppel claim must fail. *Id.; Simmons v. Southern Bell Tel. & Tel. Co.*, 940 F.2d 614, 618 (11th Cir.1991).

The defendant SBT contends that *Nachwalter* controls. Not surprisingly, the plaintiff argues that *Kane* governs. Resolution of the dispute turns on whether the alleged representation made by the voice on the other end of the 800 number constituted an interpretation of an ambiguous provision of the policy. The only evidence of the representation was the Healthdyne Insurance Verification Form which the plaintiff has submitted to prove that someone at a telephone number which belongs to SBT informed the Healthdyne agent that the service would be covered with a letter of medical necessity. The question remains whether the SBT voice was interpreting an ambiguous provision of the plan. If the voice was, *Kane* controls. If the voice was not interpreting, but instead orally modifying the plan, or if the subject provision is not ambiguous, then *Nachwalter* governs and the plaintiff's claim is barred.

SBT contends that the plaintiff has failed to produce sufficient evidence on this issue. Specifically, SBT argues that there is *no evidence* pointing to language in the plan which is subject to several reasonable interpretations. Further, SBT argues that the plaintiff offers no evidence that verbal confirmations of coverage or actual coverage of the monitoring service would not expand coverage.

In opposition, the plaintiff argues that *Kane* is directly on point. The plaintiff claims that she is not attempting to modify the terms of the plan, nor attempting to expand the terms of the plan. She contends that the defendant interpreted the plan so as to provide coverage and then reneged on this interpretation later. This, she claims, does not expand or modify the provisions of the plan. The Court disagrees.

The Court finds that *Nachwalter* controls. Any representation that the home uterine monitoring service would be covered with a letter of medical necessity expands the benefits recoverable under the plan. The provision which excludes from coverage unnecessary services and which includes a definition of "needed" is not ambiguous.

The subject provision of the plan expressly excludes from coverage various services which are unnecessary. It unambiguously goes on to describe what types

of services are "needed." Assuming the plaintiff's evidence to be true, Healthdyne asked SBT, after a brief description, whether the monitoring service would be covered. The response from the voice on the other end of the 800 line allegedly was "Yes, it would be covered, so long as any claim was accompanied by a letter of medical necessity." Because the "needed" provision is unambiguous, the voice's answer essentially modifies the provision because it essentially redefines "needed." Contrary to the plain language of the plan, the voice at SBT defined a "needed" service as any service accompanied by a letter of medical necessity from a practicing physician. The exclusionary provision of the plan at issue is not ambiguous. Accordingly, even construing the evidence in the light most favorable to the plaintiff, any statement by an employee of SBT that the service would be covered with a letter of medical necessity would impermissibly modify the plan. Therefore, the plaintiff's promissory estoppel claim against SBT is barred. *See Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986).

Alternatively, SBT has asked the Court to grant the motion on the ground that there is no evidence to support the promissory estoppel claim. Specifically, SBT contends that the summary judgment evidence before the Court demonstrates that neither Prudential nor SBT represented to Healthdyne or the plaintiff that the plan would cover the expense for the home uterine monitoring device. The Court agrees. The Court finds that SBT has satisfied its initial burden of showing that there are no genuine issues of material fact which would preclude the court from granting SBT's motion for summary judgment as to count II. Further, the Court finds that the plaintiff has failed to come forward with sufficient evidence in response to SBT's motion to support its claim that an agent of SBT made a promise.

Accordingly, having reviewed the motions and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED as follows:

(1) The plaintiff's Motion To Set Aside The Order Granting Summary Judgment is GRANTED. The Court's order dated May 2, 1991, which order granted Stewart Benefit Trust's first motion for summary judgment is VACATED and SET ASIDE.

(2) The defendant Stewart Benefit Trust's Motion For Entry of Final Judgment is DENIED.

(3) The plaintiff's Motion To Amend By Interlineation is GRANTED. Paragraph 8 of the plaintiff's amended complaint shall be deemed amended to provide as follows: "Plaintiff has exhausted all of her administrative remedies as her request for reconsideration and/or appeal has been denied with finality by both Prudential Insurance Company of America and by Stewart Benefit Trust, regardless of which of those entities has the final decision making power."

(4) After *de novo* review, the Report and Recommendation of United States Magistrate Judge Lurana S. Snow dated May 30, 1991, is ACCEPTED in part. That portion of the magistrate judge's Report and Recommendation which addresses the defendant Prudential's Motion For Summary Judgment as to count I of the amended complaint is RATIFIED, AFFIRMED, ADOPTED, and in all respects made the order of the district court. The plaintiff's objections thereto are OVERRULED. The portion of the magistrate judge's Report and Recommendation which addresses Prudential's motion for summary judgment as to count II is respectfully rejected. The defendant Prudential's objections to the report are SUSTAINED. The defendant Prudential's Motion For Summary Judgment as to both counts of the plaintiff's amended complaint is GRANTED. The Court will enter judgment against the plaintiff and in favor of the defendant by separate order.

(5) Stewart Benefit Trust's Motion For Summary Judgment (DE 113) is GRANTED. The Court will enter judgment against the plaintiff and in favor of the defendant by separate order.

DONE AND ORDERED.