Margarita GARCIA, Plaintiff,

v.

AV-MED, INC. and J.C. Penny Company, Inc., Defendants.

No. 96–0431–Civ.

United States District Court, S.D. Florida.

Jan. 7, 1997.

Lawrence Joseph McGuinness, Robert Twombly, Coral Gables, FL, for Plaintiff.

Shari Lyn Pepper, Steven M. Zeigler, South Hollywood, FL, Elizabeth F. Wilson, McGlinchey, Stafford, Lang, New Orleans, LA, for Defendant Av–Med.

Angel Castillo, Jr, Castillo, Schweiger & Stafford, Miami, FL, Mary Gibbs Tacher, J.C. Penney Co, Inc., Plano, TX, for Defendant J.C. Penney Company.

### ORDER GRANTING DEFENDANT AV MED INC.'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S SECOND AMENDED COMPLAINT

HOEVELER, Senior District Judge.

THIS CAUSE comes before the Court on Defendant AV–MED Inc.'s ("AV–MED")Mo-

tion to Dismiss Count III of Plaintiffs Second Amended Complaint (D.E.# 23), filed September 6, 1996.

## Background

Plaintiff brings this action against Defendants for injunctive relief and damages pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, *et. seq.* ("ERISA"). She alleges that medical procedures during her pregnancy were covered under AV–MED's ERISA benefit plan sponsored by J.C. Penny. Plaintiff's Second Amended Complaint includes three counts: (1) a claim against AV–MED for a violation of ERISA for non-payment of covered medical treatment; (2) a claim against J.C. Penny for a violation of COBRA § 10002(b); and (3) an estoppel claim against AV–MED.

Defendant AV–MED now moves to dismiss Plaintiff's estoppel claim. AV–MED first argues that under Florida law it is established that insurance coverage cannot be created by estoppel. Plaintiff claims that because of ERISA preemption, state common law does not apply, and she may bring an estoppel claim under ERISA. However, AV–MED contends that a Plaintiff may only bring an estoppel claim under ERISA in cases of oral interpretations of an ambiguous plan. Because Plaintiff has not alleged that AV–MED made an oral interpretation of ambiguities in the plan, AV–MED argues that Plaintiffs estoppel claim must be dismissed.

## Motion to Dismiss Standard

A defendant's motion to dismiss for failure to state a claim should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). All that the Federal Rules of Civil Procedure require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* In evaluating the sufficiency of the claim, all facts stated in the complaint are accepted as true,

*Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984), factual issues are to be resolved in favor of the plaintiff, *Quinones v. Durkis,* 638 F.Supp. 856, 858 (S.D.Fla.1986), and the prospect of recovery is irrelevant. *In Re Asbestos Litigation,* 679 F.Supp. 1096, 1098 (S.D.Fla.1987). In light of these standards, a motion to dismiss on the basis of the pleadings should rarely be granted. *Madison v. Purdy,* 410 F.2d 99, 100 (5th Cir.1969) [1]. With these principles in mind, the Court will consider the arguments advanced by the Defendants seeking the dismissal of the Count III.

Plaintiff contends that before she underwent medically necessary procedures for the birth of her first child on or about May 6, 1995, she obtained the authorization and consent of AV–MED. *Plaintiff's Second Amended Complaint* ¶¶ 27–31. She also claims that an AV–MED representative assured her that the Plan would pay all medical costs incurred. *Id.* Plaintiff further alleges that based upon AV–MED's representation that the Plan would pay for the medical bills, she relinquished the opportunity to utilize her spouse's then existing insurance policy. *Plaintiff's Second Amended Complaint* ¶ 33. Plaintiff thus asserts that AV–MED should be estopped from refusing to pay her medical costs.

## Equitable Estoppel

State common law claims relating to employee benefit plans, like equitable estoppel, are preempted by ERISA. *See* 29 U.S.C. § 1144(a); *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In *Nachwalter v. Christie,* 805 F.2d 956, 960 (11th Cir.1986), the Eleventh Circuit, noting that state common law claims such as promissory estoppel are preempted, held that there was no federal common law right to promissory estoppel under ERISA in cases involving oral amendments to or modifications of clear terms of employee benefit plans governed by ERISA, because ERISA specifically addresses these issues. Federal courts do, however, possess

---

**1.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the authority to create federal common law "to govern issues in ERISA actions not governed by the act itself." *Kane v. Aetna Life Insurance,* 893 F.2d 1283, 1285 (11th Cir. 1990) (citing *Pilot Life,* 481 U.S. at 54, 107 S.Ct. at 1557). In *Kane,* the court held that a federal common law claim of equitable estoppel may lie when: "(a) the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect, and (b) representations are made to the employee involving an oral interpretation of the plan." *Alday v. Container Corporation of America,* 906 F.2d 660, 666 (11th Cir.1990) (citing *Kane,* 893 F.2d at 1285–86). Thus, a "federal common law claim of estoppel may be applied when an employee relies, to his detriment, on an interpretation of an ambiguous provision in a plan by a representative of that plan." *National Companies Health Benefit Plan v. St. Joseph's Hospital of Atlanta, Inc.,* 929 F.2d 1558, 1572 (11th Cir.1991) (citing *Kane,* 893 F.2d at 1286).

■ In the instant case Plaintiff alleges that Defendant AV–MED authorized the medical services she received and made assurances that these services would be covered under the plan. However, Plaintiff does not allege that an AV–MED representative *interpreted* an *ambiguous* provision of the J.C. Penny employee benefit plan to her detriment. Plaintiff could not properly assert estoppel by contending that a representative of AV–MED made an oral modification or amendment to the plan. *See Nachwalter* at 960. Plaintiff must allege that AV–MED is estopped from denying coverage based upon an interpretation of an ambiguous plan provision. Plaintiff has failed to make such an explicit assertion. *See Jacobs v. Blue Cross and Blue Shield of Iowa,* 835 F.Supp. 1378, 1380–81 (M.D.Fla.1993).

### Conclusion

Based on the above, it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count III of Plaintiff's Amended Complaint is GRANTED. **Plaintiff is granted leave to file an** amended complaint within twenty (20) days.