United States Court of Appeals,

Eleventh Circuit.

No. 96-4047.

Jamie A. WRIGHT, Plaintiff-Appellant,

v.

AETNA LIFE INSURANCE COMPANY, Defendant-Appellee.

April 21, 1997.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-14217-CIV-JCP), James C. Paine, Judge.

Before HATCHETT, Chief Judge, COX, Circuit Judge, and MESKILL[*], Senior Circuit Judge.

PER CURIAM:

Jamie A. Wright ("Wright"), a participant in ERISA-qualified VIVRA Managed Health Care Plan ("Plan"), appeals summary judgment entered in favor of Aetna Life Insurance, the Plan administrator. The district court concluded that a reimbursement provision in the Summary Plan Document ("SPD") alone governed Wright's reimbursement obligation to Aetna and that a reimbursement agreement that was contemplated by, but separate from the SPD, must be ignored as an informal amendment to the SPD. We reverse and remand.

I. BACKGROUND

Wright was injured in a boating accident in 1994. In order to receive medical benefits to cover her injuries, the SPD required her to "agree in writing" (1) to reimburse Aetna up to the amount of Plan medical benefits she received *if* she collected "damages"

---

[*]Honorable Thomas J. Meskill, Senior U.S. Circuit Judge of the Second Circuit, sitting by designation.

from a third-party and (2) to provide Aetna a lien in that amount.[1] To fulfill the requirement, Wright signed a reimbursement agreement that Aetna drafted, and Aetna began paying her benefits. The reimbursement agreement was more specific than the SPD reimbursement provision. It provided Aetna with a lien against any damages Wright might collect from a third-party and stated that Wright would reimburse Aetna "to the extent the net amount of such recovery is attributable to hospital, surgical, and medical expense for which [Wright] received paid benefits under the [P]lan."[2]

---

[1]The SPD reimbursement provision stated:

> If a person suffers a loss or an injury caused by the act or omission of a third party and medical claims exceed $2,500, the Health Expense Benefits of this Plan for such loss or injury will be paid only if that person, or his or her legally authorized representative, agrees in writing:
>
> > To pay Aetna up to the amount of the benefits received under this Plan subject to applicable law if damages are collected. Damages may be collected by: action at law; settlement; or otherwise.
> >
> > To provide Aetna a lien in the amount of the benefit paid. This lien may be filed with: the third party; his or her agent; or a court which has jurisdiction in the matter.
>
> The payment and the lien referred to above shall be made or provided to Aetna in its capacity as the provider of administrative services to this Plan.

[2]The reimbursement agreement stated:

> Wright ... in consideration of the payment to me, ... of any benefits for accidental bodily injuries pursuant to the employee benefit plan established by my employer with Aetna ..., agree ... that a first lien shall exist and is hereby granted to the extent of all benefits paid under said plan, in favor of Aetna ..., against all sums of money recovered from any third person. I further agree to reimburse said Aetna ... [subject to Florida law], for all benefits so paid in the event of

Wright eventually settled with the third-party who had caused her boating injuries. Under the settlement agreement, Wright released him and his insurance company from all possible liability in exchange for $225,000. This amount purportedly was to compensate Wright for pain, suffering, and wage loss, but not to compensate her for past or future medical expenses.

A lien in favor of Aetna attached to the $225,000, and Wright sued Aetna in a state court to have the lien lifted. In response, Aetna removed the action to federal district court, where both Aetna and Wright moved for summary judgment. Aetna argued that the SPD reimbursement provision alone governed Wright's reimbursement obligation and that the separate reimbursement agreement must be ignored as an informal amendment to the SPD. According to Aetna, the SPD reimbursement provision required Wright to reimburse Aetna from her settlement proceeds the amount Aetna had paid to her, in excess of $200,000, regardless of whether or not that amount was attributable to medical expenses. Wright argued that Aetna was bound by the reimbursement agreement since Aetna drafted the agreement and since the SPD reimbursement provision specifically contemplated such an agreement. According to Wright, the reimbursement agreement required her to reimburse Aetna only from those settlement proceeds attributable to medical expenses. The district court granted summary judgment in favor of Aetna. It

recovery ... from any third person legally responsible for said injuries, whether by suit, settlement, or otherwise, to the extent the net amount of such recovery is attributable to hospital, surgical, and medical expenses for which I received paid benefits under the plan.

concluded that the SPD reimbursement provision alone governed Wright's reimbursement obligation, agreeing with Aetna that the reimbursement agreement must be ignored as an informal amendment to the SPD.

## II. DISCUSSION

We review a district court's grant of summary judgment de novo, applying the same standards used by the district court. *Glass v. United of Omaha Life Ins. Co.,* 33 F.3d 1341, 1344 (11th Cir.1994). Summary judgment is warranted where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c).

Essentially, Aetna argues that the SPD reimbursement provision's express requirement that Wright sign a reimbursement agreement is of no import. The only language in the SPD reimbursement provision that matters, Aetna argues, is the language that suggests a general obligation to reimburse Aetna from third party damages attributable to medical as well as nonmedical expenses.

We refuse to accept an argument that asks us to ignore explicit language in a SPD and accordingly reject Aetna's argument that the reimbursement agreement is of no import. Rather, we look to the reimbursement agreement to interpret Wright's reimbursement obligation. In doing so, we note that neither *Nachwalter v. Christie,* 805 F.2d 956 (11th Cir.1986), nor *Alday v. Container Corp. of Am.,* 906 F.2d 660 (11th Cir.1990), foreclose reliance on the reimbursement agreement. In *Nachwalter,* we held that oral communications cannot modify an unambiguous ERISA plan document since ERISA specifically requires that plans be "maintained" in

writing. *Nachwalter,* 805 F.2d at 959-60. In *Alday,* we similarly held that a booklet summarizing benefits, letters to employees, and seminar documents could not modify an unambiguous plan document. *Alday,* 906 F.2d at 666. Since the plan document was unambiguous, there was no need to consider outside communications to glean the parties' intent. *Id.*

*Nachwalter* and *Alday* do not control the outcome of this case because they involved unambiguous plan documents and subsequent amendments. Here, the SPD reimbursement provision is ambiguous and the reimbursement agreement interpreted, rather than amended, the provision. The SPD reimbursement provision is ambiguous in that it can reasonably be construed in two different ways. It can be construed as requiring Wright to reimburse Aetna only from damages collected for medical expenses. Such a construction is reasonable given that the provision addresses only reimbursement for medical expenses paid by Aetna. This construction accords with the provision's purpose, as asserted by Aetna, which is to prevent double recovery. Wright would receive double recovery only if damages collected from the third-party were also for medical expenses. The provision can also be construed as requiring Wright to reimburse Aetna from any damages collected since it uses the broad term "damages."

The reimbursement agreement interprets this ambiguous provision. It articulates the first construction: that Wright must reimburse Aetna only from damages collected for medical expenses. We have previously concluded that ERISA does not prohibit communications from interpreting ambiguous plan documents.

*See Kane v. Aetna Life Insurance,* 893 F.2d 1283, 1286 (11th Cir.1990) ("Requiring [a plan administrator] to adhere to the ... interpretations of the Plan's provisions made by the [plan administrator] will not undermine the integrity of the Plan.").

For these reasons, we hold that the SPD reimbursement provision as interpreted by the reimbursement agreement governs Wright's reimbursement obligations. We further hold that under the SPD reimbursement provision as interpreted by the reimbursement agreement, Wright is obligated to reimburse Aetna only "to the extent the net amount" of her settlement is attributable to medical expenses. The district court did not have the opportunity to determine the extent to which the net amount of Wright's settlement is attributable to medical expenses. On remand, the district court should make this determination.[3]

Summary judgment in favor of Aetna is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

REVERSED and REMANDED.

---

[3] Since Aetna was not a party to the settlement agreement, that agreement's purported allocation of damages does not govern the district court's determination. To hold otherwise would allow Wright and the third party to control Aetna's reimbursement rights.