[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12552
Non-Argument Calendar

_____

D. C. Docket No. 05-00067-CV-T-23-MAP

MICHAEL CLARK,

Plaintiff-Appellant,

versus

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 14, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Michael Clark appeals the summary judgment in favor of the Hartford Life and Accident Insurance Company against Clark's complaint for long-term disability benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (ERISA). Clark argues that the refusal of the district court to treat language in Hartford's correspondence with Clark as a binding interpretation of the policy was reversible error. We affirm.

## I. BACKGROUND

Clark was employed by Publix Super Markets, Inc. as a store manager. Publix obtained group long-term disability insurance, administered by Hartford, for its employees, and Clark received coverage under the Hartford plan.

Following leg surgery in 1999, Clark began experiencing painful symptoms of what would eventually be diagnosed as reflex sympathetic dystrophy, also referred to as complex regional pain syndrome. Because of the pain, numbness, and cramping in his leg, Clark reduced his workweek to 40 hours and continued working at this level until he was placed on medical leave in April 2001. He began receiving disability benefits from Hartford on July 19, 2001.

Hartford began to investigate Clark's claim on January 22, 2003. A year later, Hartford notified Clark that he was no longer eligible for long-term disability benefits because its investigation revealed that he was not totally disabled. Clark

2

appealed the denial of benefits to Hartford. After a second investigation that included consultation with four physicians, an interview with Clark, and surveillance of his activities, Hartford found that Clark was capable of full-time, light-duty work, which rendered Clark ineligible for continuing benefits.

Clark then filed a complaint for benefits under the Hartford long-term disability plan. The parties filed cross-motions for summary judgment. The district court referred the matter to a magistrate judge, who recommended granting summary judgment in favor of Hartford. Over Clark's objection, the district court adopted the Report and Recommendation and entered summary judgment for Hartford.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. Wright v. Aetna Life Ins. Co., 110 F.3d 762, 764 (11th Cir. 1997). We review denials of benefits under ERISA as follows:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
> (2) If the administrator's decision is in fact "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether

"reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
(4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
(5) If there is no conflict, then end the inquiry and affirm the decision.
(6) If there is a conflict of interest, then apply heightened arbitrary and capricious review to the decision to affirm or deny it.

Williams v. BellSouth Telecomms., Inc., 373 F.3d 1132, 1137-38 (11th Cir. 2004) (footnotes omitted).

### III. DISCUSSION

Clark urges us to start with the sixth step of our standard of review and hold that Hartford's denial of benefits was "arbitrary and unreasonable." Precedent demands otherwise. "Regardless of whether arbitrary and capricious or heightened arbitrary and capricious review applies, the court evaluates the claims administrator's interpretation of the plan to determine whether it is 'wrong.'" HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 993 (11th Cir. 2001). If we do not conclude that Hartford's denial of benefits was "wrong," our inquiry ends.

Clark's appeal is notable as much for what he does not argue as for what he argues. Clark does not argue that Hartford's ruling was factually wrong; instead, he "accepts . . . Hartford's determination that he is capable of working in a light-

4

duty job." Clark contends that the district court was "wrong" in accepting its interpretation of the Hartford plan.

ERISA requires that "plans be administered, and benefits be paid, in accordance with plan documents." Egelhoff v. Egelhoff, 532 U.S. 141, 150 (2001). The Hartford long-term disability plan Booklet-Certificate, a plan document, provides this definition of "total disability":

> After [the first 24 months of disability], and for as long as you remain Totally Disabled, you are prevented by Disability from doing any occupation or work for which you are, or could become, qualified by:
> (1) training;
> (2) education; or
> (3) experience.

The Summary Plan Description further explains:

> Benefits will continue after that 24 month period until you are 65 provided you were Disabled prior to age 60 and you are prevented by Disability from performing the essential duties of any occupation that you are or could become qualified for by training, education, or experience.

Clark does not dispute the meaning or application of any of this language. Clark argues that language in his communications with Hartford supplied an additional policy term. According to Clark, the definition of total disability, as interpreted by Hartford, includes a minimum income requirement; for the claimant not to be totally disabled, the claimant must be able to perform the duties of an

5

occupation that pays at least 60 percent of his predisability earnings.

Clark's argument fails. "When plan documents unambiguously address the substantive rights of the parties at issue, the plan language controls, absent a showing of intentional fraudulent promises by the insurer in informal communications with the insured." Meadows v. Cagle's, Inc., 954 F.2d 686, 691 (11th Cir. 1992). Clark cites no contrary authority to support his position that informal communications may impose binding interpretations of the policy in the absence of fraud or ambiguity in the policy terms. The decision upon which Clark most heavily relies is inapposite, because it discusses the review of denials based on the interpretation of ambiguous policy terms. See King v. Hartford Life & Accident Ins. Co., 414 F.3d 994, 998-99 (8th Cir. 2005) (en banc).

Clark does not allege that he would have been entitled to benefits but for the alleged additional term. He concedes that he is capable of light-duty work. Under the terms of the policy, Clark is not "totally disabled" and not entitled to benefits. The decision of Hartford that Clark was not totally disabled was not wrong.

## IV. CONCLUSION

The summary judgment in favor of Hartford is

**AFFIRMED**.

6